STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVE<sup></sup> ...

NOV 0 ... 2003

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-03-005

DEANNA J. DAMON,
        Petitioner

    v.

STATE OF MAINE
UNEMPLOYMENT INSURANCE COMMISSION,

    aPnd

PINKERTONS, INC.,
        Respondents

**ORDER ON 80C APPEAL**

RECEIVED & FILED

NOV 0 4 2003

ANDROSCOGGIN
SUPERIOR COURT

## BACKGROUND AND PROCEDURAL HISTORY

From July 9, 2003 until her discharge on December 12, 2003, Deanna Damon was employed as a security officer by Pinkertons, Inc. Following her discharge, Damon applied for unemployment benefits with the Maine Unemployment insurance Commission. On February 21, 2003, a Deputy for the Commission issued a decision granting Damon the benefits she had requested. On March 7, 2003, Pinkertons notified the Commission that it wished to appeal the Deputy's decision.

In a Notice dated and mailed March 18, 2003, both Damon and Pinkertons were told that an Administrative Hearing had been scheduled in Portland on April 2, 2003 at 8:15 a.m. Damon failed to appear for that hearing. Based upon the evidence presented, the Administrative Hearings Officer (Ogilvie) found that Damon had been terminated from employment for misconduct connected with her work. As a result, the Administrative Hearing Officer set aside the Deputy's decision, disqualified Damon from receiving unemployment benefits, and established an overpayment of $282.00 that was to be repaid. That decision was dated April 4, 2003.

Damon, who was living in North Turner, filed an appeal from that decision with the Unemployment Insurance Commission. In her notice of appeal, she explained her failure to appear at the April 2, 2003 hearing as follows:

> I live about two hours or more away from where the administrative hearing was taking place. On March 31st and April 1st I worked a 12 & 14 hour shift back to back. The morning of April 2nd I was overly tired and did not dare to drive. I was also required to work that evening on April 2nd.

In a decision dated May 20, 2003, the Commission held that Damon had failed to show that her failure to participate in the April 2, 2003 hearing was due to reasons of a "necessitous and compelling nature," determined that she had failed to establish good cause, and dismissed her appeal.

Damon filed a request for reconsideration on May 30, 2003. That request was denied in a decision dated June 10, 2003. On June 25, 2003, Damon filed a document with the Superior Court for Androscoggin County, requesting that the court review the Commission's decision. On July 31, 2003, the court issued its Notice and Briefing Schedule. Pursuant to that Notice, the petitioner's brief was due September 9, 2003. On that date, Damon filed an unsigned document containing no legal argument. On October 9, 2003, the Maine Unemployment Insurance Commission filed its brief. On October 22, 2003, Damon filed a second, unsigned document.

In a letter dated October 30, 2003, A.A.G. Elizabeth Wyman, on behalf of the Maine Unemployment Insurance Commission, notified the court that the parties had waived oral argument pursuant to M.R.Civ.P. 80C(l). The court issues its decision based upon the briefs, the court file, and the certified Record.

## DISCUSSION

In considering Damon's appeal, the court must determine whether the Commission committed an error of law, or made findings of fact not supported by competent evidence in the record. *McPherson v. Maine Unemployment Insurance Commission*, 1998 ME 177, ¶ 6, 714 A.2d 818, 820. The appellant - Damon - has the burden of establishing that one of these things occurred. She has failed to do so.

As mentioned above, the Commission held that Damon lacked good cause for failing to appear at the April 2, 2003 hearing. This finding is supported by substantial evidence in the record, is correct, as a matter of law, and will not be overturned on appeal. Damon's argument that the hearing should have been scheduled closer to her home is without merit, as she made no such request at any time before the hearing.

## ORDER

For the reasons stated above, the petitioner's appeal is denied. Decision #03-C-04207 of the Maine Unemployment Insurance Commission is affirmed.

The clerk is instructed to incorporate this order by reference in the docket for this case.

DATED: 11/4/03

_____
Ellen A. Gorman
Justice, Maine Superior Court